IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DYLAN KILLION on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Class & Collective Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:24-cv-337 |
| CHINTU PATEL and SUBIN 28, LLC, | ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DAMAGES

This is a Class and Collective Action brought on behalf of all former and current hourly employee who worked at a Subway managed by Chintu Patel ("the Class" and the Collective Class") against Defendants, Chintu Patel and Subin 28, LLC ("Subin").

### I. Parties

1.     Each member of the Class and Collective Class is or was an hourly employee who worked at a Subway managed by Chintu Patel at all times relevant to this action.

2.     Plaintiff, Mr. Killion, is a resident of Bloomington, Indiana.

3.     Defendant, Subin, is a limited liability company that headquartered in Greenwood, Indiana.

4.     Mr. Patel is a member of numerous limited liability companies which operate Subway restaurants.

5.     Mr. Patel is the manager of numerous limited liability companies which operate Subway restaurants.

## II.  Jurisdiction and Venue

6.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiff and the Collective bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

7.      This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

8.      Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendant doing business in this District.

## III.      Class and Collective Action Allegations

9.      Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as hourly employees managed by Mr. Patel ("the Collective Class").

10.     Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as hourly employees of entities managed by Mr. Patel ("the Class").

11.     The members of the Class and Collective were paid on an hourly basis.

12.     The members of the Collective Action routinely worked forty (40) or more hours in one workweek.

13.     The members of the Class and Collective were not paid overtime premiums of time and a half of their regular rate.

14.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action.  The names, addresses, and relevant documentation of members of the Class and Collective should be in the business records of Mr. Patel.  Notice may be provided to members of the Class and Collective or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

### IV.    Factual Allegations

15.    Mr. Killion was an employee of Subin.

16.    Mr. Killion began working for Subin on January 1, 2023.

17.    Mr. Killion was paid on an hourly basis.

18.    Mr. Killion was not paid time and a half his regular rate for any time worked over 40 hours in a given workweek.

19.    Mr. Killion routinely worked over forty (40) hours in a workweek.

20.    Mr. Killion worked over forty (40) hours during, but not limited to, the following workweeks ending: February 7, 2023; February 14, 2023; June 6, 2023; December 19, 2023; December 26, 2023; January 9, 2024; and January 16, 2024.

21.    Subin did not have a good faith reason for failing to pay Mr. Killion these overtime premiums.

22.    Mr. Killion quit his employment with Defendants on January 20, 2024.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

23.    Plaintiffs incorporate paragraphs 1 through 22 by reference herein.

24.     Plaintiff and the members of the Collective Class are or were employees of Mr. Patel pursuant to the FLSA.

25.     Subin is an employer pursuant to the FLSA.

26.     Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

27.     The Subways that Mr. Patel manages had combined gross revenues of at least $500,000.00 for the 2020 calendar year.

28.     The Subways that Mr. Patel manages had combined gross revenues of at least $500,000.00 for the 2021 calendar year.

29.     The Subways that Mr. Patel manages had combined gross revenues of at least $500,000.00 for the 2022 calendar year.

30.     The Subways that Mr. Patel manages had combined gross revenues of at least $500,000 for the 2022 calendar year.

31.     The Subways that Mr. Patel manages had combined gross revenues of at least $500,000 for the 2023 calendar year.

32.     Plaintiffs and the members of the Collective Class have been and continue to be damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an award for Plaintiff and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendant with interest as permitted by the FLSA.

B.      Enter an award for liquidated damages with interest as permitted by the FLSA.

C.      Enter an order awarding Plaintiff and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II - Class Action
## Wage Payment Statute

33.     Mr. Killion incorporates paragraphs 1 through 32 by reference herein.

34.     Mr. Killion was not paid all wages due and owing to him during his employment.

35.     Plaintiff and the members of the Class have been and continue to be damaged by Defendant's violations of the CBA.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B.      Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C.      Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV.    Jury Demand

36.      Plaintiff incorporates paragraphs 1 through 36 by reference herein.

37.      Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Class & Collective Action Counsel

WELDY LAW
11268 Governors Lane
Fishers, IN 46037
Tel: 317.842.6600
Fax: 317.842.6933
rweldy@weldylegal.com