UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DYLAN KILLION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00337-JPH-MJD |
| | ) | |
| CHINTU PATEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Third Motion to File Amended Complaint, [Dkt. 117], and Defendants' objection thereto, [Dkt. 126]. For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

Plaintiff in this case worked at three Subway restaurants that were owned by limited liability companies that were in turn owned by Chintu Patel. He asserts claims pursuant to the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statue, alleging that he was not paid in accordance with those statutes. He has sued Mr. Patel, Mr. Patel's wife, Jigna Patel, the three limited liability companies that owned the restaurants at which he worked—Subin 28, LLC, Subin 26, LLC, and Subin 34, LLC, (hereinafter collectively referred to as "the Killion LLCs")—and 35 other limited liability companies that own Subway restaurants and are owned by Mr. Patel (hereinafter collectively referred to as "the Other LLCs"). He "brings this case as a collective action pursuant to [the FLSA] on behalf of a class consisting of all similarly situated persons who are or were employed as non-exempt employees of the Subways owned and

managed by Mr. Patel" and, as to the state law claim, "as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as employees of the Subways owned and managed by Mr. Patel." [Dkt. 42 at 7.]

Defendants have filed a motion to dismiss the claims against all of the Defendants except the Killion LLCs for lack of subject matter jurisdiction. [Dkt. 55.] Specifically, as relevant to the instant motion, Defendants argue the Plaintiff lacks standing to sue the Other LLCs because he was only employed by the Killion LLCs. *Id.* While Plaintiff has not yet filed a response to the motion to dismiss, it is anticipated that he will argue that he has standing to sue the Other LLCs based on the single employer doctrine. *See* [Dkt. 42 at 6] (allegation in Second Amended Complaint that all of "[t]he Subways owned and operated by Mr. Patel are an integrated employer under the Single Employer Doctrine.").

## II. Discussion

Plaintiff seeks leave to file a Third Amended Complaint for two reasons. First, he wishes to add opt-in plaintiff and putative class member Angel Ray as an additional named plaintiff. Second, he wishes to add two new defendants, JBMEnterprise, LLC and SubInky, LLC.

*1. Applicable Law*

Leave to amend a complaint should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). However, while Rule 15 creates a liberal standard for granting leave to amend, that standard must be reconciled with due respect for the Court's deadlines, as set in the case management plan that serves as the scheduling order required by Federal Rule of Civil Procedure 16(b). *See Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir. 2011). Here, the applicable deadline was June 20, 2024. Pursuant to Rule 16(b), after the expiration of the Court's scheduling order deadline to amend pleadings, a pleading may only be amended for good cause."

2

Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard "primarily considers the diligence of the party seeking amendment." Trustmark Ins. Co. v. General & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) (internal quotation marks and citations omitted). The movant bears the burden of showing "good cause." See Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[A] party must show that despite their diligence the time table could not have reasonably been met."). The Seventh Circuit has held that the requisite diligence is not established if a delay is shown and the movant provides no good reason for the delay. See Alioto, 651 F.3d at 719.

In reconciling Rule 15 and Rule 16, the Seventh Circuit has held it is proper for a court to consider first whether the moving party meets the heightened "good cause" standard under Rule 16(b)(4), before proceeding to examine whether the party meets the requirements of Rule 15. Alioto, 651 F.3d at 719. Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." Brunt v. Serv. Employees Int'l Union, 284 F.3d 715, 720 (7th Cir. 2002).

    2. Analysis

Plaintiff recognizes that applicable standard and argues that there is good cause to permit the amendment because Plaintiff acted diligently to seek the amendment after he learned of the existence of the proposed new defendants, JBMEnterprise, LLC and SubInky, LLC. Plaintiff's counsel has shown that he asked Defendant Chintu Patel at his July 2024 deposition whether "there was a management company above the Subways," to which Mr. Patel responded in the negative. [Dkt. 117-1 at 3.] However, during a second deposition taken in February 2025, Mr. Patel revealed that JBMEnterprise, LLC, and SubInky, LLC, were, in fact, management companies that received "management fees" from the Subway restaurants. See [Dkt. 117-1 at 4]

3

(describing JBMEnterprise, LLC, as "one of my management companies"); [Dkt. 117-1 at 5] (describing SubInky, LLC, as a management company owned by either Mr. Patel or his wife).

In their response to the instant motion, Defendants take Plaintiff's counsel to task for failing to "define, explain, or suggest what he meant by the phrase 'management company.'" [Dkt. 126 at 3.]  But Mr. Patel did not ask for an explanation, so Plaintiff's counsel had no reason to believe that he was confused by the term "management company."  And it was **Mr. Patel** who characterized JBMEnterprise, LLC, and SubInky, LLC, as "management companies" in his second deposition.  So whatever Mr. Patel's understanding of the term "management company" was, he believed that JBMEnterprise, LLC, and SubInky, LLC, were management companies—although he did try to backtrack, testifying that JBMEnterprise was actually "not a management company.  It's a company that collects management fee and distribution, profits, everything," [Dkt. 126-3 at 20], and then further backtracked, stating that its purpose was "basically not [to collect] management fee[s].  I would say like distribution, my profit," *id.* at 21.  However, he later acknowledged that the financial records of Subin 28, one of the Killion LLCs, contained payments denominated as "Management Fees" that were made to JBMEnterprise.  [Dkt. 126-3 at 21, 24-25.]

The reader can be excused for being confused and so, to an extent, can Plaintiff's counsel. While Plaintiff's counsel could have more artfully phrased his question at the first deposition—asking if there were any management companies that were related to the restaurants in any way, rather than asking if there were any management companies "above" them, the Court, in its discretion, finds that Plaintiff's counsel was sufficiently diligent in pursuing discovery in this case such that his failure to discover JBMEnterprise, LLC, and SubInky, LLC, as potential defendants in this case sooner was not due to a lack of diligence.  Nor is the Court swayed by

4

Defendants' argument that the delay between February 17, 2025—the date of the second deposition of Mr. Patel—and April 9, 2025—the date the instant motion was filed constitutes a lack of diligence.  It was not unreasonable for Plaintiff to obtain and review the bank records of JBMEnterprise, LLC, and SubInky, LLC, prior to filing the instant motion.  In so ruling, the Court expresses no opinion as to the merits of Plaintiff's claims against these entities; that remains to be seen.[1]

Defendants are correct that Plaintiff has not explained why he did not seek to add Angel Ray as a named plaintiff sooner; she opted-in to this case on June 24, 2024, and "has assisted in the prosecution of this matter since opting-in." [Dkt. 117-1 at 2.]  However, given that Plaintiff has demonstrated good cause to permit amendment of the complaint to add JBMEnterprise, LLC, and SubInky, LLC, the Court, in its discretion, will permit Plaintiff's entire proposed amendment, as the delay in Ms. Ray becoming a named Plaintiff has not caused Defendants any prejudice.[2]  Indeed, the Court notes that, even if the motion to amend were denied as to adding Ms. Ray as a

---

[1] Defendants state at the end of their response brief that "Plaintiff articulates no reason (and proffers no good-faith allegation) that either entity properly belongs as a defendant in an unpaid wage action." [Dkt. 126 at 11.]  However, Defendants fail to flesh out this futility argument, and "it is not this court's responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) (quoting *APS Sports Collectibles, Inc. v. Sports Time, Inc.,* 299 F.3d 624, 631 (7th Cir. 2002)).  Defendants may certainly raise this issue in a future dispositive motion.

[2] Ms. Ray was employed by several of the Other LLCs so, as Defendants note,

> presumably, Plaintiff seeks to elevate Ms. Ray from opt-in plaintiff to named plaintiff to increase the list of [LLC Defendants] as to whom either she or Plaintiff can allege employer status, thus increasing the size of their potential collective or class in the face of standing defects identified in Defendants' Motion to Dismiss.

[Dkt. 126 at 7.]  However, Defendants wisely do not argue that the fact that they would then have to defend on the merits of the claims against those additional LLCs, even if their motion to dismiss for lack of standing would have otherwise been successful as to them, would constitute prejudice.  See *Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015) (prejudice in the context of an amended pleading means the ability to meet the claim on the merits due to the passage of time, not the fact that the merits will have to be litigated).

named Plaintiff, Ms. Ray could move to intervene as a plaintiff pursuant to Federal Rule of Civil Procedure 24, and that motion would not be subject to the "good cause" standard, but rather to a more flexible reasonableness test that also focuses on prejudice. *See Ali v. City of Chicago*, 34 F.4th 594, 599 (7th Cir. 2022) (setting forth factors relevant to whether a motion to intervene is timely). That and the fact that denying Ms. Ray named plaintiff status in this case may well lead to her filing a separate case mean that the interests of judicial economy are best served by simply the Court, in its discretion, granting the motion to amend in its entirety.

### III.  Conclusion

For the reasons set forth above, Plaintiff's Third Motion to File Amended Complaint, [Dkt. 117], is **GRANTED**. Plaintiff shall file his Third Amended Complaint, in substantially the same form as that found at Docket Number 117-2, **on or before April 22, 2025**.

SO ORDERED.

Dated:  18 APR 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.